UNITED STATES of America, Plaintiff–Appellee,

v.

Terrance DOWLEN, Defendant–Appellant.

No. 14–4238.

United States Court of Appeals, Sixth Circuit.

Oct. 1, 2015.

BEFORE: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

PER CURIAM.

Terrance Dowlen pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court determined that Dowlen had committed three previous "violent" felonies and sentenced him to a mandatory minimum term of fifteen years in prison under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Dowlen appeals, arguing that the district court erred in sentencing him as an armed career criminal. Based on the Supreme Court's intervening decision in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), we agree, vacate Dowlen's sentence, and remand for resentencing.

Under the ACCA, a person convicted of being a felon in possession is subject to a mandatory fifteen-year prison term if that

person has three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). "Violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that satisfies one of three requirements: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it "is burglary, arson, or extortion, involves use of explosives"; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The third option is known as the "residual clause."

Dowlen argues the district court incorrectly counted his 2004 Ohio conviction for second-degree burglary, Ohio Rev.Code § 2911.12(A)(2), as a previous "violent felony." Over Dowlen's objection, the district court held Ohio's second-degree burglary statute falls under the "residual clause" of § 924(e)(2)(B)(ii) because it otherwise presents an inherent risk of serious injury to others. *See* December 4, 2014, Sent. Trans., pp. 6–8 (citing *United States v. Coleman*, 655 F.3d 480, 483 (6th Cir.2011) (holding that Ohio's third-degree burglary statute qualifies as a "violent felony" under the residual clause)). However, in *Johnson*, the Supreme Court held that the residual clause violated the Fifth Amendment's Due Process Clause because it was unconstitutionally vague. 135 S.Ct. at 2563. In light of *Johnson* 's holding, Dowlen's 2004 conviction for second-degree burglary no longer qualifies as an ACCA predicate offense, as the government concedes (*see* 9/1/15 Appellee Rule 28(j) Letter).[1] As a result, Dowlen no longer has three predicate convictions under the ACCA. We therefore reverse the district court's determination that Dowlen is an

armed career criminal, vacate his sentence, and remand for resentencing.

---

1. The government does not argue that Dowlen's burglary conviction satisfies either of the other two "violent felony" requirements of § 924(e)(2)(B).